IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PASTOR CESILIO,

Plaintiff, No. CIV S-05-1466 DFL DAD P

vs.

DR. B. NAKU, et al.,

Defendants. ORDER

_______________________________/

On February 1, 2006, defendants filed a motion for summary judgment or, in the alternative, for summary adjudication pursuant to Rule 56 of the Federal Rules of Civil Procedure. By court order filed August 31, 2005, plaintiff was required to brief the motion in accordance with Local Rule 78-230(m). (Order filed Aug. 31, 2005, at 3.) The August 31, 2005 order advised plaintiff in detail of the requirements for opposing a motion for summary judgment and cautioned plaintiff that if he fails to serve and file written opposition to such a motion, or a request to postpone consideration of the motion, the court may consider his failure to act as a waiver of opposition to the motion. (Id. at 4-5.)

Plaintiff's copy of the August 31, 2005 order was served on him with a copy of the Local Rules of Practice. Local Rule 78-230(m) requires a party to file opposition to a motion within 18 days, plus three days if the motion was served by mail, after the motion was placed in

the mail. Defendants' declaration of service shows that their summary judgment motion was served by mail on February 1, 2006. Plaintiff was therefore required to deliver his opposition to the motion, or his request to postpone consideration of the motion, to prison officials for mailing within twenty-one days after February 1, 2006, i.e., on or before February 22, 2006.

Plaintiff did not respond to defendants' motion in a timely manner. Plaintiff filed a motion to strike, stay, and/or dismiss defendants' motion together with a declaration showing that the motion was delivered to prison officials on March 6, 2006, twelve days after the February 22, 2006 deadline. Plaintiff did not move for leave to file an untimely response. In opposition to plaintiff's untimely motion, defendants assert that summary judgment is proper and that plaintiff has failed to present any evidence that creates a triable issue of fact. Plaintiff did not file a reply.

In support of his motion to strike, stay, or dismiss defendants' motion, plaintiff cites Rule 56(d), which concerns a summary judgment motion that does not result in judgment on the whole case or on all relief sought and therefore requires a trial. Rule 56(d) is not applicable to defendants' motion, which has not been adjudicated and may result in judgment on the whole case or on all relief sought. Because plaintiff argues that defendants' motion should be denied or stayed until plaintiff "has had an opportunity to obtain discovery," the court concludes that plaintiff intends to invoke Rule 56(f) rather than Rule 56(d).

A party seeking denial or continuance of a summary judgment motion is required to file a motion requesting discovery under Rule 56(f). Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986). The party filing a Rule 56(f) motion cannot complain if he fails to pursue discovery diligently before summary judgment. Id. The party must demonstrate that there are specific facts he hopes to discover that will raise an issue of material fact. Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir. 1991); Carpenter v. Universal Star Shipping, S.A., 924 F.2d 1539, 1547 (9th Cir. 1991). "The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence

sought exists." Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir. 1987). See also Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306 n.1 (9th Cir. 1986) (holding that the party opposing summary judgment "has the burden under Rule 56(f) to show what facts she hopes to discover to raise an issue of material fact"). "Denial of a Rule 56(f) application is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation." Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991).

In the present case, plaintiff's untimely motion falls far short of the showing required to support a request to dismiss or continue a motion for summary judgment. Plaintiff contends that (1) defendants have "for the first time, as part of the summary judgment advances [sic] their versions of what occurred and it drastically differs from the plaintiff's version," (2) plaintiff has been deprived of an opportunity to obtain discovery and develop evidence, (3) the defendants have not complied with "the discovery request," and (4) "there are documents, admissible evidence and records in the possession of the defendants that are essential and crucial to plaintiff." (Pl.'s Mot. to Strike, Stay and/or Dismiss Defendants' Mot. for Summ. J. at 1-3.) Plaintiff cites cases in which there was no opportunity for pretrial discovery, such as a Fifth Circuit case in which the court found that the plaintiff's case was "nipped in the bud only thirty-two days after the complaint was filed." (Id. at 4-5.) Plaintiff also complains that "[a] pro se plaintiff should be advised by the court of his/her rights under Rule 56 to file opposing affidavits to defeat a motion for summary judgment." (Id. at 5-6.) Plaintiff concludes with the wholly irrelevant argument that the court should find that his allegations state a claim for relief. (Id. at 7.) In his attached declaration, plaintiff asserts vaguely and without factual support that there are many facts in dispute, that he disagrees with the defendants' list of undisputed facts, and that the defendants are refusing to cooperate in the discovery process. (Id. at 8-9.)

Plaintiff's conclusory assertions are contradicted by the record: (1) this action was commenced on July 21, 2005, more than six months before defendants filed their motion for summary judgment; (2) by this court's order filed August 31, 2005, plaintiff was advised of the

requirements for opposing a motion for summary judgment brought by a defendant in this case, including the right to file affidavits and admissible documentation; (3) in their answer filed on October 21, 2005, defendants denied all of plaintiff's allegations, other than those concerning their positions and employment by the CDC, and specifically denied that they were deliberately indifferent to plaintiff's medical needs; (4) the court issued a discovery order on October 25, 2005; (5) plaintiff has not filed any motion to compel defendants to respond to a properly served discovery request.

This case has been proceeding for more than eight months and is not at risk of being "nipped in the bud" a mere month after it was filed. Plaintiff was advised very early in this action of the requirements for opposing a motion for summary judgment, and Rule 56 expressly allows the defending parties to move for summary judgment "at any time." Fed. R. Civ. P. 56(b). When defendants filed their answer on October 21, 2005, plaintiff was put on notice that defendants do not admit the allegations of his complaint. In his status report filed on February 2, 2006, plaintiff indicates his intention to serve interrogatories on each defendant by April 1, 2006, yet his motion to strike, stay, or dismiss defendants' motion does not identify a single interrogatory he would propound to any defendant and fails to demonstrate any specific facts plaintiff would discover through interrogatories or any another means of discovery. Plaintiff offers no explanation for his failure to review his prison medical records and discovery preparations as soon as the court authorized service of his complaint on July 29, 2005.

The court finds that plaintiff has not met his burden under Rule 56(f) of showing what facts he hopes to discover through discovery, that plaintiff has not put forth sufficient facts to show that the evidence he would seek actually exists, that plaintiff has not shown that any facts he might discover would raise issues of material fact, and that plaintiff pursued discovery diligently before summary judgment. The court will therefore deny plaintiff's motion to strike, stay, or dismiss defendants' summary judgment motion.

/////

Eight days after filing his untimely motion to strike, stay, or dismiss defendants' motion, plaintiff filed untimely opposition to defendants' motion. The opposition includes a memorandum of points and authorities in which plaintiff asserts three undisputed facts, without citation to evidence, and objects in a conclusory fashion, again without citation to evidence, to all statements contained in defendants' declarations. Plaintiff also reiterates his contention that the court should strike, stay, or dismiss defendants' motion because plaintiff has not yet conducted discovery. Plaintiff's opposition concludes with his own declaration concerning the events at issue in this action. Although page 2 of plaintiff's opposition includes a reference to a separate statement of disputed facts, no such document was attached to, included in, or filed with plaintiff's opposition.

Local Rule 56-260 requires that

> [a]ny party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial. The opposing party may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication. The opposing party shall be responsible for the filing with the Clerk of all evidentiary documents cited in the opposing papers.

Local Rule 56-260(b). Id.

The district court is "not required to comb the record to find some reason to deny a motion for summary judgment," and any evidence a party wants the court to consider for a specific purpose should be brought to the attention of the court. Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1029-31 (9th Cir. 2001). See also Schneider v. TRW, Inc., 938 F.2d 986, 990 n.2 (9th Cir. 1991) ("[A] district court is under no obligation to mine the full record for issues of triable fact."); Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1545 (9th Cir. 1988) (affirming summary judgment where a

local rule and court admonition plainly required the opposing party to make a specific factual showing in its opposition, without regard to whether genuine issues of fact existed somewhere in the record).

Under Local Rule 56-260(b), a party opposing summary judgment has an affirmative burden to identify the disputed issues of material fact and the evidence that demonstrates the existence of a dispute. Plaintiff will be granted thirty days to file and serve supplemental opposition in which he reproduces defendants' statement of undisputed facts and admits or denies each and every fact with citations to evidence that supports every denial of an asserted fact. All evidence cited by plaintiff that is not already part of the record must be appended to his supplemental opposition.

IT IS HEREBY ORDERED that:

1. Plaintiff's March 8, 2006 motion to strike, stay, or dismiss defendants' motion for summary judgment is denied;

2. Plaintiff is granted thirty days to file and serve supplemental opposition to defendants' motion for summary judgment as described in this order; and

3. Defendants' reply to plaintiff's supplemental opposition shall be filed and served within fifteen days after plaintiff serves his supplemental opposition.

DATED: April 10, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
cesi1466.56f