IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PASTOR CESILIO,

    Plaintiff,                        No. CIV S-05-1466 DFL DAD P

    vs.

DR. B. NAKU, et al.,

    Defendants.              <u>ORDER</u>

_____/

        On April 10, 2006, plaintiff was granted thirty days to file supplemental opposition to defendants' motion for summary judgment or, in the alternative, for summary adjudication. Pursuant to an enlargement of time granted on May 30, 2006, plaintiff has submitted supplemental opposition. The filing does not comply with the court's order or with Local Rule 56-260(b).

        Plaintiff was required to reproduce defendants' statement of undisputed facts and admit or deny each and every fact with citations to evidence that supports every denial of an asserted fact. (Order filed Apr. 10, 2006, at 6.) The order provides that all evidence cited by plaintiff that is not already part of the record must be appended to his supplemental opposition. (<u>Id.</u>) In his supplemental opposition, plaintiff admits defendants' undisputed facts Nos. 1-5, 7, 16, 18, 25, 29, 34, and 37. In response to each of the remaining 27 undisputed facts, plaintiff

1

asserts that he is without sufficient information to admit or deny the fact, and denies the fact on that ground. Plaintiff's denials are not supported by citations to evidence.

The court notes that some of plaintiff's unsupported denials pertain to facts that he alleged in his complaint. For example, in response to defendants' undisputed fact No. 8, stating that on October 18, 2004, plaintiff was seen by Dr. Naku for complaints of back pain, plaintiff asserts that he is without sufficient information to admit or deny why he was seen by Dr. Naku on that date. (Pl.'s Supplemental Opp'n at 3.) In his complaint, plaintiff alleges that he was sent to the clinic on October 18, 2004, after complaining repeatedly to correctional staff about his housing and that he told Dr. Naku during the examination on that date "that he was in constant pain (from his back)." (Compl. at 4.) Other denials contradicting plaintiff's own allegations include the denials of undisputed facts Nos. 11 and 14. Plaintiff's denial of facts supported by his own allegations calls into question the credibility of all of his denials.

Aside from questionable reliability, plaintiff's denials are not supported by citations to evidence, as required by the court's April 10, 2006 order and Local Rule 56-260(b). Plaintiff commences his supplemental opposition with the assertion that, "by attached affidavit and evidence," he will demonstrate that there are triable issues of fact and that the defendants are not entitled to summary judgment as a matter of law. (Pl.'s Supplemental Opp'n filed June 1, 2006, at 1.) Despite plaintiff's reference to evidence, no evidence was attached to plaintiff's supplemental opposition or filed separately. Plaintiff concludes his response to defendants' statement of undisputed facts with a note in which he complains that defendants have not provided him with copies of his medical records.[1] Plaintiff admits that the records are maintained at the prison where he is confined, and does not deny that he can review them, but he states that the institution will not provide inmates with free copies of their medical records.

---

[1] Plaintiff has recently filed a motion to compel defendants to answer his requests for production of documents. Plaintiff seeks various orders, including an order requiring defendants to provide him with free copies of all of his medical records. The motion is not yet briefed and submitted for decision.

   Plaintiff has not demonstrated that he needs copies of all of his medical records in order to oppose defendants' motion. The court will require plaintiff to request a review of his medical file immediately. Plaintiff must submit his request for review in accordance with institutional procedures. Plaintiff may show this order to prison officials and ask that his request be expedited. If prison officials deny plaintiff access to his medical file within the time specified in this order, plaintiff shall immediately file a declaration in which he advises the court of this fact and demonstrates that he sought review promptly and in accordance with institutional procedures.

   If a review is scheduled, plaintiff must look for specific documents that support (or refute) his denials of defendants' undisputed facts Nos. 6, 8-15, 17, 19-24, 26-28, 30-33, 35-36, and 38-39. Plaintiff should also look for documents that support the existence of other material facts as to which there is a genuine issue that may preclude summary judgment or summary adjudication for defendants. Plaintiff must take notes regarding documents that support his denials and documents that demonstrate the existence of other disputed material facts. Plaintiff's notes must specify the exact date of the record, the type of record (such as, for example, physician's orders, progress notes, chrono, discharge summary, etc.), the number of pages that comprise the record, and a description of how the record supports one of plaintiff's denials or a specific material fact that is disputed.

   After plaintiff reviews his medical file and identifies records that provide support for his denials or for the existence of other disputed material facts, plaintiff must prepare a document titled "Plaintiff's Amended Admissions and Denials." Plaintiff must reproduce and admit or deny defendants' undisputed facts Nos. 6, 8-15, 17, 19-24, 26-28, 30-33, 35-36, and 38-39. If plaintiff found medical records that prove any of defendants' undisputed facts, plaintiff must admit those facts unless he can cite other evidence contradicting them. Every denial of one of the specified undisputed facts must be supported by a citation to evidence. For every citation to a medical record, plaintiff must provide all relevant information about that record from the

notes he took during his review of his medical file.[2] Plaintiff is cautioned that a denial not supported by a citation to evidence will be deemed an admission.

Plaintiff's amended admissions and denials may include a separate section titled "Plaintiff's Statement of Disputed Facts," in which plaintiff sets forth a concise statement of additional material facts as to which there is a genuine issue precluding summary judgment or summary adjudication. Each of these facts must be supported by a citation to evidence demonstrating the existence of a genuine issue that is in dispute.

Plaintiff may not include in his amended admissions and denials any legal argument or points and authorities. After plaintiff files his amended admissions and denials, the court will determine whether any further briefing by any party will be required or permitted. The court does not intend to extend the time granted by this order.

IT IS ORDERED that:

1. Plaintiff shall immediately request a review of his prison medical file; and

2. Plaintiff is granted twenty days from the date of this order in which to file a document titled "Plaintiff's Amended Admissions and Denials," as described in the text of this order; if plaintiff fails to comply with this order, defendants' undisputed facts Nos. 6, 8-15, 17, 19-24, 26-28, 30-33, 35-36, and 38-39 may be deemed admitted.

DATED: June 26, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
cesi1466.suppev

---

[2] If plaintiff finds only a small number of medical records that either support his denials or demonstrate the existence of other disputed material facts, plaintiff should request copies of those records, as staff may be able to make a small number of copies despite the institutional policy of not copying an inmate's complete medical file. If plaintiff obtains copies of medical records, he must cite those records in his amended admissions and denials, and attach copies of the records.

4